UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHYENNE WAISANEN, DANIEL WAISANEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT COLLECTIONS BUREAU,<br><br>Defendant. | 5:25-CV-05001-RAL<br><br>OPINION AND ORDER GRANTING MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO STRIKE |

### I.   Factual and Procedural Background

Plaintiffs Chyenne Marie Waisanen and Daniel Gary Waisanen ("the Waisanens") filed pro se a complaint in state court against Credit Collections Bureau[1] ("CCB"), alleging unlawful and fraudulent debt collection processes in the repossession of their vehicle, a 2016 Ford F-150 pickup. Doc. 1-2 at 23. CCB filed a notice of removal under 28 U.S.C. §§ 1331, 1441, and 1446. Doc. 1. The Waisanens then filed an Amended Complaint, Doc. 3. In their Amended Complaint, the Waisanens assert CCB wrongfully seized and sold their vehicle to satisfy a debt and plead what appear to be five claims against CCB: (1) fraudulent misrepresentation; (2) violations of the Fair Debt Collection Practices Act; (3) conversion of property; (4) collusion with the Pennington County Sheriff's Office; and (5) violations of the several constitutional rights, contrary to 42 U.S.C. § 1983. Id. The repossession of the Waisanens' pickup has adversely affected their lives.

---

[1] Defendant's entity name appears to be Credico, Inc. d/b/a/ Credit Collections Bureau.

In the wake of the Waisanens' filings, CCB moved to dismiss the complaint for failure to state a claim, Doc. 12. In response, the Waisanens moved to strike CCB's Motion to Dismiss and attached multiple exhibits. Doc. 16. The Waisanens then moved for summary judgment, Doc. 18, and thereafter filed numerous affidavits, notices, proposed orders, and other filings. See Docs. 32, 33, 36, 37, 42, 43, 45, 51, and 52. For example, the Waisanens filed a "Notice of Mandatory Injunction & Order to Show Cause," Doc. 37, purporting to require this Court to issue an order to show cause and mandatory injunction, and that CCB's failure to respond within 72 hours equates to an "admission of guilt." Id. at 1–2.[2]

CCB moved to stay the case pending the resolution of its motion to dismiss, Doc. 40, and requested a status hearing, Doc. 46. The Waisanens filed a Notice of Non-Consent to Judicial Assumption and Status Hearing, Doc. 50, arguing that the status conference "appears as an attempt to circumvent [their] Seventh Amendment right to trial by jury." Doc. 50 at 2. After conferring with the parties, this Court set a status conference and motions hearing. Doc. 56. The Waisanens consented to the status conference portion of the appearance but objected to the motion hearing portion, again asserting their right to a trial by jury under the Seventh Amendment. Doc. 57. On July 2, 2025, this Court held a status conference and motion hearing on the Motion to Stay, Doc. 40. For the reasons below, the Motion to Stay, Doc. 40, is granted, and Plaintiffs' Motion to Strike CCB's Motion to Dismiss, Doc. 16, is denied.

---

[2] This Court has not entered injunctive relief, nor an order to show cause. CCB has not made any "admission of guilt" by failing to respond to respond to any such pleading. "A request for a court order must be made by motion" under Rule 7(b) of the Federal Rules of Civil Procedure. This Court thus will rule on motions and not address any such Notice, other than to observe in this footnote that no such injunction or order has entered.

## II. Discussion

"A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803–04 (Fed. Cir. 1999). A district court may control the timing and sequence of discovery under Rule 26(d) of the Federal Rule of Civil Procedures. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Courts, including this Court, "often stay[] discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (cleaned up and citations omitted); see also Vivid Techs., Inc., 200 F.3d at 804. ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Here, the case remains at the pre-answer stage, and the Defendant has moved to dismiss all of the Waisanens' claims under Rule 12 of the Federal Rules of Civil Procedure. The Waisanens' motion to strike the motion to dismiss relies in part on the absence of an answer under Rule 8(b)(6) of the Federal Rules of Civil Procedure and otherwise reads more as an opposition to the motion to dismiss. The filing of a timely motion to dismiss under Rule 12 obviates the need for an answer under Rule 8 until this Court rules on the motion to dismiss.

This Court has not ordered an initial scheduling conference because of the pending Motion to Dismiss and has not entered a scheduling order. The parties have not agreed to conduct discovery in the interim. Accordingly, Waisanens' efforts to pursue admissions, see Doc. 37, or other discovery on their claims are premature. Even though there is no scheduling order, this Court

will stay proceedings in the case until it rules on CCB's Motion to Dismiss, which it expects to do forthwith.

### III. Conclusion

For the above reasons, it is hereby

ORDERED that Defendant's Motion to Stay Case Pending the Resolution of Defendant's Motion to Dismiss, Doc. 40, is granted. It is further

ORDERED that Plaintiffs' Motion to Strike, Doc. 16, is denied.

DATED this 2nd day of July, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

4