UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHYENNE WAISANEN, DANIEL WAISANEN, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIT COLLECTIONS BUREAU, <br><br> Defendant. | 5:25-CV-05001-RAL <br><br><br> OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiffs Chyenne Marie Waisanen and Daniel Gary Waisanen ("the Waisanens") filed pro se a complaint in state court against Credit Collections Bureau[1] ("CCB"), alleging unlawful and fraudulent debt collection processes in the repossession of their vehicle, a 2016 Ford F-150 pickup. Doc. 1-2 at 23. CCB filed a notice of removal under 28 U.S.C. §§ 1331, 1441, and 1446. Doc. 1. The Waisanens then filed an Amended Complaint. Doc. 3. In their Amended Complaint, the Waisanens assert CCB wrongfully seized and sold their vehicle to satisfy a debt and make five claims against CCB: (1) fraudulent misrepresentation; (2) violations of the Fair Debt Collection Practices Act; (3) conversion of property; (4) collusion with the Pennington County Sheriff's Office; and (5) violations of several constitutional rights, contrary to 42 U.S.C. § 1983. Id.

CCB moved to dismiss the Amended Complaint for failure to state a claim. Doc. 12. The Waisanens moved to strike CCB's motion, Doc. 16, and thereafter moved for summary judgment on their claims, Doc. 18. The Waisanens filed a myriad of other motions, notices, affidavits, and

---

[1] Defendant's entity name appears to be Credico, Inc. d/b/a/ Credit Collections Bureau.

1

certificates. CCB responded to many of the filings and then moved to stay the case pending the resolution of its motion to dismiss, Doc. 40, and requested a status hearing, Doc. 46. On July 2, 2025, this Court held a status conference on the matter. Doc. 60. At the hearing, the Waisanens made clear that the seizure of their pickup has adversely affected their lives and disturbs them greatly. This Court ordered a stay on proceedings pending its ruling on the motion to dismiss and denied the Waisanens' motion to strike. Doc. 61. The Waisanens then filed a response to the Motion to Dismiss on July 3, 2025. For the reasons explained below, CCB's Motion to Dismiss, Doc. 12, is granted; Plaintiffs' Motion for Summary Judgment, Doc. 18, is denied; and Plaintiffs' Motion for Sanctions, Removal of Third-Party Filer, and Obstruction of Justice, Doc. 21, is denied as moot.

I.    **Allegations in the Amended Complaint**[2]

The Waisanens allege they were "subjected to coercive collection tactics, unlawful seizure of essential property, and systemic violations of their rights." Doc. 3 at 1–2. They incorporate in their amended complaint a small claims judgment entered on June 20, 2024. Id. at 2; see Doc. 46-3 (Credit Collections Bureau v. Waisanen, 51SMC24-747 (S.D. Cir. Ct. Pennington Cnty. 2024). The small claims court entered judgment in favor of CCB in the amount of $6,116.04. Doc. 46-3 at 2. This judgment underlies CCB's seizure of the Waisanens' 2016 Ford F-150. Doc. 3 at 1.

The Waisanens assert that CCB "submitted invalid and fraudulent documentation to justify debt ownership and vehicle seizure" and that "[t]he documentation failed to meet debt verification standards" under federal law. Id. at 3. They further allege that CCB refused to provide adequate proof of debt ownership despite their repeated requests for CCB to do so. Id. The Waisanens

---

[2] This Opinion and Order makes no findings of fact, but takes as true, at this point, the well-pleaded facts in the Complaint.

2

assert that CCB "employed coercive and deceptive tactics" and misled them about their rights. Id. They further allege CCB did not provide a Satisfaction of Judgment to the Clerk of Courts. Id. On the day the Waisanens' vehicle was seized, CCB and the Sheriff's Office stated that "payment of the judgment was the only way to recover their vehicle." Id. at 4. The Waisanens allege CCB's coordination with the Sheriff's Office constitutes collusion and conspiracy to deprive them of their property rights. Id. at 3–4.

## II.     Legal Standards

The United States Court of Appeals for the Eighth Circuit requires district courts to construe pro se complaints liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. Importantly, however, this rule of liberal construction does not excuse a pro se plaintiff from alleging enough facts to support her claims. Id. at 914. That is, even though a plaintiff is proceeding pro se, the district court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

On a motion to dismiss under Rule 12(b)(6), courts must accept a plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

### III.    Discussion

The Waisanens claim CCB's actions constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), fraudulent misrepresentation, conversion of property, collusion with the Pennington County Sheriff's Office, and violations of several constitutional rights. This Court addresses first the Waisanens' claims that invoke federal law.

#### A. Fair Debt Collection Practices Act

"The FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices." Coyne v. Midland Funding LLC, 895 F.3d 1035, 1037 (8th Cir. 2018). The statute prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA likewise prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Eighth Circuit instructs courts evaluating debt collection practices to view the practices "through the eyes of the unsophisticated consumer." Coyne, 895 F.3d at 1037.

"The FDCPA imposes civil liability only on debt collectors, as they are defined by the statute." Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 950 (8th Cir. 2006) (citing 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . .")). Under the FDCPA, the term debt collector refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute excludes from the definition of "debt collector" any creditor "collecting his own debts" using his own name, and employees and affiliates "collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A), (B), (F); see Reygadas v. DNF Assocs., LLC, 982 F.3d 1119, 1122 (8th Cir. 2020). Put simply, "you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector." Henson v. Santander Consumer USA Inc., 582 U.S. 79, 87 (2017).

Here, the Waisanens have not pleaded any facts showing that CCB engaged in false, deceptive, or misleading means—or other unfair or unconscionable means—to collect or attempt to collect any debt. The Amended Complaint contains legal conclusions without asserting an underlying factual basis. The Waisanens assert CCB "employed coercive and deceptive tactics" but do not state what those tactics may have been. They assert CCB "submitted invalid and fraudulent documentation" but do not state what the documents were or what made them invalid or fraudulent. These allegations are conclusory statements "devoid of further factual enhancement" and thus do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678.

The Waisanens also have not pleaded any facts indicating CCB is a debt collector under the FDCPA. The Amended Complaint incorporates the small claims court judgment from Credit

Collections Bureau v. Waisanen, 51SMC24-747 (S.D. Cir. Ct. Pennington Cnty. 2024). That case shows CCB to be a creditor rather than a debt collector, and a creditor collecting its own debts does not typically constitute a debt collector under § 1692a(6). But see 15 U.S.C. § 1692a(6) ("Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.").[3] The Waisanens' claims against CCB for violating the FDCPA are dismissed without prejudice for failure to state a claim upon which relief may be granted under.

### B. Constitutional Violations

The Waisanens assert that CCB violated their First, Fourth, Fifth, and Fourteenth Amendment rights. Doc. 3 at 4. Under 42 U.S.C. § 1983, persons acting under color of state law who deprive a person of a constitutional right may be liable to the injured person. Generally, private parties like CCB are not considered state actors and cannot be held liable under the statute; however "a private party may be held liable on a § 1983 claim if 'he is a willful participant in joint action with the State or its agents.'" Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Id. However, "a private party's mere invocation of state legal procedures does not constitute state action." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).

---

[3] This Court does not know if CCB is or is not a debt collector as opposed to a creditor collecting its own debt or a creditor using a name other than its own to collect debts.

6

The Waisanens allege that CCB colluded with the Sheriff's office. Doc. 3 at 3. They state that both CCB and the Sheriff's Office coerced them by stating that payment of the state-court judgment was "the only way to recover their vehicle." Id. at 4. They assert coordination with the Sheriff's Office constitutes collusion and conspiracy to deprive them of their property rights. Id. at 3–4. The allegations of collusion and coordination are conclusory and do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678. The allegation that both CCB and the Sheriff's Office told the Waisanens that paying the judgment was the only way to recover their vehicle does not establish a meeting of the minds between CCB and the Sheriff's Office to deprive them of their constitutional rights. Under South Dakota law, a private party may seek a writ of execution for the sheriff to seize the property of another to satisfy a valid judgment. See SDCL §§ 15-18-1 to -4; SDCL chapter 15-19. The Waisanens have not set forth any facts to demonstrate CCB was not merely invoking South Dakota's legal procedures to satisfy the small claims judgment. See Youngblood, 266 F.3d at 855. Accordingly, the Waisanens' § 1983 claims against CCB for alleged constitutional violations are dismissed without prejudice for failure to state a claim upon which relief may be granted under.

### C. State Law Claims

The Waisanens also allege state law claims of conversion and fraudulent misrepresentation. Doc. 3 at 3. Because these claims do not arise "under the Constitution, laws, or treaties of the United States," this Court does not have federal question jurisdiction over these claims. 28 U.S.C. § 1331. The Waisanens have not alleged this Court has diversity jurisdiction over the state-law claims. Doc. 3 at 2. Because all claims over which a federal court might have original jurisdiction have been dismissed, this Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). The Waisanens can pursue those state-law claims separately in state court.

## IV.     Conclusion

Because this case is subject to dismissal for failure to state a claim within federal jurisdiction, the Waisanens are not entitled to summary judgment and their motion for sanctions, removal of third-party filer, and obstruction of justice is moot. For the above reasons, it is

ORDERED that Defendant CCB's Motion to Dismiss, Doc. 12, is granted. It is further

ORDERED that Plaintiffs' Motion for Summary Judgment, Doc. 18, is denied and Plaintiffs' Motion for Sanctions, Removal of Third-Party Filer, and Obstruction of Justice, Doc. 21, is denied as moot.

DATED this 17th day of July, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE